**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JACQUELINE BENFORD**                                                                     **PLAINTIFF**

**V.**                                                                      **NO. 4:19-CV-179-DMB-JMV**

**MILWAUKEE ELECTRIC TOOL
CORPORATION, et al.**                                                                  **DEFENDANTS**

**ORDER**

On December 12, 2019, Jacqueline Benford filed a complaint against Milwaukee Electric Tool Corporation, "Senior Human Resource Manager Dale Russell," "Supervisor William Jason Homes,"[1] and "Cell Manager Tim Jenkins." Doc. #1. The complaint asserts various claims based on alleged workplace discrimination. *Id*. at 7–9. On January 28, 2020, the defendants filed a motion to dismiss all claims for failure to exhaust administrative remedies and failure to state a claim. Doc. #17; Doc. #18 at 2. Three days later, the defendants filed an amended motion to dismiss which "withdraw[s a] timing argument contained in the original Memorandum in Support of Motion to Dismiss, which was included based on an inadvertent error in the calculation of time." Doc. #21 at PageID #147 (record cite omitted). Benford's memorandum in response to the amended motion to dismiss asserts factual allegations not included in Benford's complaint. *See* Doc. #24.[2]

Ordinarily, in ruling on a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.),*

---

[1] The defendants represent that this defendant's true name is William Jason Hames. Doc. #22 at 1.

[2] For example, the response memorandum includes the following factual allegations which do not appear in the complaint: (1) that certain white employees "verbally assault[ed]" Benford, Doc. #24 at 9; (2) that Hames "verbally harassed" Benford, *id.*; (3) that, due to her race, Benford received numerous "unjust disciplinary actions," *id.* at 4;" and (4) that, due to her race, "disciplinary actions" regarding an alleged false accusation against Benford "were noted" in Benford's personnel file, *id.* at 5.

*L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Thus, "claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court." *John Roe, A# 075-475-480 v. U.S. Dep't of Homeland Sec.*, No. 3:19-cv-2595, 2020 WL 4456528, at *3 n.3 (N.D. Tex. July 13, 2020) (collecting cases). However, the Fifth Circuit has held that new allegations contained in a response to a motion to dismiss should be treated as a motion to amend the complaint where "justice requires." *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992); *see Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972) ("The command of Rule 15 is straightforward and permissive. On the facts of this case, fair treatment for the Shermans requires that they not be deprived of their day in court simply because, for a time, their attorney did much to insure that the day would never come.").

The new allegations in Benford's response memorandum address, at least facially, the deficiencies identified in the amended motion to dismiss. However, the memorandum does not address the relevant standard for granting amendment[3] and, contrary to the Local Rules of this Court, no proposed amended pleading has been proffered.[4] Under these circumstances, within seven (7) days of this order, Benford may file a motion to amend her complaint.

**SO ORDERED**, this 5th day of August, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] *See generally Forman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *See* L.U. Civ. R. 7(b)(2).