## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

JACQUELINE BENFORD                                                          PLAINTIFF

V.                                                        NO. 4:19-CV-179-DMB-JMV

MILWAUKEE ELECTRIC TOOL
CORPORATION, et al.                                                        DEFENDANTS

### ORDER

Before the Court is the defendants' amended motion to dismiss.   Doc. #21.

### I
### Procedural History

On December 12, 2019, Jacqueline Benford filed a complaint in the United States District Court for the Northern District of Mississippi against Milwaukee Electric Tool Corporation, "Senior Human Resource Manager Dale Russell," "Supervisor William Jason Homes," and "Cell Manager Tim Jenkins."   Doc. #1.   The complaint asserts various claims based on alleged workplace discrimination.   *Id*. at PageID ##7–9.   On January 28, 2020, the defendants filed a motion to dismiss all claims.   Doc. #17.   Three days later, the defendants filed an amended motion to dismiss which "withdraw[s a] timing argument contained in the original Memorandum in Support of Motion to Dismiss, which was included based on an inadvertent error in the calculation of time."   Doc. #21 (record cite omitted).   The amended motion to dismiss is fully briefed.   *See* Docs. #22, #24, #26.

On August 5, 2020, this Court, noting that "Benford's memorandum in response to the amended motion to dismiss asserts factual allegations not included in Benford's complaint," granted Benford leave to file a motion to amend her complaint.   Doc. #36.   Benford filed a motion to amend on September 4, 2020.   Doc. #45.   After the defendants did not respond to the motion within the time allowed, United States Magistrate Judge Jane M. Virden granted the motion

to amend as unopposed.   Benford filed an amended complaint the next day.   Doc. #46.

## II
## Standard

When evaluating a motion to dismiss for failure to state a claim, a court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Id*. (internal quotation marks omitted).   Under this standard, a court must demand "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."   *Id*. (internal quotation marks omitted).   In ruling on a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."   *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2020).

## III
## Analysis

Benford's amended complaint, like her initial complaint, asserts three claims:   (1) a Title VII claim against Milwaukee Electric Tool for "race discrimination;" (2) 42 U.S.C. § 1981 claims against all defendants for "intentional race discrimination;" and (3) a Title VII claim against Milwaukee Electric Tool for a hostile work environment based on race.   Doc. #46 at PageID ##329–31.   Additionally, although not pled in specific counts, Benford appears to assert Title VII claims for retaliation and retaliatory hostile work environment.   *Id*.   The defendants' amended motion to dismiss[1] seeks dismissal of all claims on various grounds, including dismissal of the

---

[1] To the extent the original motion to dismiss was superseded by the amended motion to dismiss, the original motion

hostile work environment claims for failure to exhaust.[2]  *See* Doc. #22 at 2.

As a general rule, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, the filing of an amended complaint will ordinarily moot a pending motion to dismiss unless the amended complaint "on its face" fails to address the alleged defects identified in the motion to dismiss. *See McIntyre v. City of Rochester*, 228 F. Supp. 3d 241, 241–42 (W.D.N.Y. 2017) (finding motion to dismiss moot where "[a]t least on its face, the amended complaint appears to address those alleged defects" identified by motion to dismiss); *Polk v. Psychiatric Pro. Servs., Inc.*, No. 09–cv–799, 2010 WL 1908252, at *2 (S.D. Ohio Mar. 29, 2010) ("[W]hen a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss."). However, when a motion to dismiss is filed before an amended complaint but the amended complaint fails to cure the alleged defects, a court may consider the motion to dismiss with respect to the amended complaint. *See Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 331 n.1 (5th Cir. 2011).

Here, with the exception of the exhaustion argument regarding the hostile work environment claims, each of the arguments in the amended motion to dismiss are addressed, at least facially, in Benford's amended complaint.   Accordingly, the amended motion to dismiss will be denied to the extent it seeks dismissal on grounds other than exhaustion.

Regarding the exhaustion argument, "[t]o bring a suit under Title VII … a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies."

---

to dismiss will be denied as moot.

[2] The individual defendants also argue that the claims brought against them individually under Title VII should be dismissed.   Doc. #22 at 5–6.   Because no such claims appear in either the original or amended complaint, this request is properly denied as moot.

*Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378 (5th Cir. 2019). To determine whether a claim has been presented to the EEOC so as to satisfy the exhaustion requirement, a court asks not only what is included in "the scope of the administrative charge itself, but by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id*. at 379. To this end, "the crucial element of a charge of discrimination is the factual statement contained therein." *Id*. Benford contends that while her EEOC charge did not specifically include claims for hostile work environment, the conduct she complained of "encompasses" such a claim. Doc. #24 at 7–8. That is not the case.

A hostile work environment claim is not exhausted when an EEOC complaint charges "only … discrete acts" and makes no mention of a hostile work environment. *Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409, 409 (5th Cir. 2007). While an EEOC complaint need not allege a prima facie case of discrimination, *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006), a court considering whether a hostile work environment claim was exhausted should be mindful that the harassment complained of must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 570 (5th Cir. 2012). Where a plaintiff's EEOC charge alleges no facts which would suggest the existence of such an environment, a hostile work environment claim is not exhausted. *Id*.

Benford filed a charge of employment discrimination with the Equal Employment Opportunity Commission on February 1, 2019. Doc. #46 at PageID #328. The charge of discrimination alleges continuing race discrimination and retaliation beginning on August 15,2018, and ending on February 1, 2019. Doc. #18-1.[3] The document specifically provides:

---

[3] The charge of discrimination and the ensuing right to sue notice were attached to the memorandum accompanying the original motion to dismiss, which was amended to remove an argument. *See* Doc. #18-1. The exhibits are, however, cited in the amended memorandum. *See* Doc. #22 at 3. Under these circumstances, the Court will consider the documents in deciding the amended motion to dismiss.

I have worked for the Respondent since August 2003 and most recently as a Machine Operator. On August 15, 2018, Tim Jenkins (White, Cell Manager) provided me a written warning and he did so 3 weeks after I complained of race discrimination. I had previously complained about my White co-workers sleeping on the job as well as the fact that I am not allowed to work overtime like Samantha Moore-Taylor (White, Machine Operator). In fact, I am only allowed to work at least 40 hours per week. Per company policy, a written warning is the second highest disciplinary action just prior to a final written warning. I believe I was subjected to different terms and conditions than my White peer because of my race (Black) and written up after I complained of race discrimination.

I believe I was retaliated and discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id*.

Benford's EEOC complaint alleges two discrete acts of race discrimination and retaliation—denial of overtime and an allegedly wrongful writeup. There is simply nothing in the document which would suggest that Benford was complaining of a hostile work environment. Under these circumstances, the Court concludes that Benford's hostile work environment claims were not properly exhausted and, therefore, must be dismissed. *See Guion v. Mabus*, No. 4:11-CV-159, 2012 WL 1340117, at *7 (E.D.N.C. Apr. 17, 2012) ("A hostile work environment claim, as analytically distinct from a claim of disparate treatment, does not reasonably relate to the factual predicate for Guion's core allegation that he was denied overtime because he is black and/or because he previously had filed employment discrimination complaints."); *Galloway v. Islands Mech. Contractor, Inc.*, No. 2008-71, 2012 WL 3984891, at *14 (D.V.I. Sept. 11, 2012) ("While Plaintiff's allegations to the EEOC are sufficient to have put the EEOC on notice of discrete disparate treatment discrimination claims regarding pay, promotion, overtime, and termination, a hostile work environment claim is not fairly within the scope of the allegations.") (internal quotation marks omitted).

**IV**
**Conclusion**

For the reasons above, the defendants' initial motion to dismiss [17] is **DENIED as moot**.

The amended motion to dismiss [21] is **GRANTED in Part and DENIED as moot in Part**.   The motion is GRANTED to the extent it seeks dismissal of Benford's hostile work environment claims on exhaustion grounds.   The motion is DENIED as moot in all other respects.

    **SO ORDERED**, this 24th day of September, 2020.

                        **/s/Debra M. Brown**
                        **UNITED STATES DISTRICT JUDGE**