**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JACQUELINE BENFORD**                                                                          **PLAINTIFF**

**V.**                                                                                   **NO. 4:19-CV-179-DMB-JMV**

**MILWAUKEE ELECTRIC TOOL
CORPORATION, et al.**                                                              **DEFENDANTS**

**ORDER**

In response to the defendants' "Partial Motion to Dismiss Claims against Individual Defendants for Failure to State a Claim,"[1] Jacqueline Benford argues only that the motion should be denied as one seeking reconsideration. Because this Court disagrees with Benford's characterization of the motion to dismiss and prefers this case be resolved on the merits, Benford will be allowed the opportunity to address the merits of the motion by filing a supplemental response, to which the defendants may file a supplemental reply.

**I
Procedural History**

On December 12, 2019, Jacqueline Benford filed a complaint in the United States District Court for the Northern District of Mississippi against Milwaukee Electric Tool Corporation, "Senior Human Resource Manager Dale Russell," "Supervisor William Jason H[a]mes,"[2] and "Cell Manager Tim Jenkins." Doc. #1. The complaint, which alleged workplace discrimination, asserted Title VII claims against Milwaukee Electric and § 1981 claims against the individual defendants. *Id*. at PageID 7–9.

---

[1] Doc. #49.

[2] The complaint and the amended complaint each list this defendant as William Jason Homes. Doc. #1; Doc. #46. The defendants contend that the proper name is William Jason Hames. Doc. #17. Benford has not disputed this assertion.

On January 28, 2020, the defendants filed a motion to dismiss all claims. Doc. #17. Three days later, the defendants filed an amended motion to dismiss which "withdr[e]w [a] timing argument contained in the original Memorandum in Support of Motion to Dismiss, which was included based on an inadvertent error in the calculation of time." Doc. #21 (record cite omitted).

On August 5, 2020, this Court, noting that "Benford's memorandum in response to the amended motion to dismiss asserts factual allegations not included in Benford's complaint," granted Benford leave to file a motion to amend her complaint. Doc. #36. Benford filed a motion to amend on September 4, 2020. Doc. #45. After the defendants did not respond to the motion within the time allowed, United States Magistrate Judge Jane M. Virden granted the motion to amend as unopposed. Benford filed an amended complaint the next day. Doc. #46.

On September 24, 2020, this Court issued an order addressing the defendants' two motions to dismiss. Doc. #47. First, the Court denied as moot the original motion to dismiss on the ground that the motion was superseded by the amended motion. *Id*. at 2 n.1. Turning to the amended motion, the Court noted that "the filing of an amended complaint will ordinarily moot a pending motion to dismiss unless the amended complaint 'on its face' fails to address the alleged defects identified in the motion to dismiss." *Id*. at 3 (quoting *McIntyre v. City of Rochester*, 228 F. Supp. 3d 241, 241–42 (W.D.N.Y. 2017). The Court then held that, except for an argument that Benford had failed to exhaust her Title VII claims for hostile work environment, "each of the arguments in the amended motion to dismiss are addressed, at least facially, in [the] amended complaint." *Id*. Accordingly, the Court denied the amended motion to dismiss to the extent it sought dismissal on grounds other than exhaustion. *Id*. The Court dismissed Benford's hostile work environment claims for failure to exhaust. *Id*. at 6.

On October 7, 2020, the defendants filed an answer to the amended complaint. Doc. #48. Later that day, the defendants filed a motion to dismiss the § 1981 claims brought against Russell,

Jenkins, and Hames. Doc. #49. The motion is supported by a memorandum brief,[3] and an affidavit[4] with an accompanying exhibit.[5] Benford responded to the motion to dismiss on October 21, 2020, arguing that the motion is an improper motion for reconsideration. Doc. #54; *see* Doc. #55 at 1–2. The defendants replied on October 28, 2020. Doc. #56.

## II
## Characterization of Motion

Benford's response to the defendants' motion does not address the merits of her claims. Rather, Benford argues that the defendants' motion to dismiss for failure to state a claim is in substance a motion for reconsideration because to survive a motion to dismiss a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and "this Court found that Plaintiff's Amended Complaint stated a claim to relief that is plausible on its face" when it held that the amended complaint facially addressed the defects identified in the defendants' amended motion to dismiss. Doc. #55 at 2–3.

As quoted above, in denying the amended motion to dismiss, the Court cited the general rule that an amended complaint moots a pending motion to dismiss when it "facially" addresses the defects identified in the motion to dismiss. Contrary to what Benford apparently believes, to "facially address" the alleged defects does not mean to "correct" the defects. Rather, it means the complaint "contains new factual allegations *intended* to cure the defects" identified in the motion to dismiss. *Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *5 (M.D. La. July 13, 2020) (emphasis added). In such circumstances, "applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues."

---

[3] Doc. #50.

[4] Doc. #51.

[5] Doc. #51-1.

*Comeaux v. Atos Origin It Servs., Inc.*, No. 17-11273, 2018 WL 1620970, at *1 (E.D. La. Apr. 4, 2018).

In denying the amended motion to dismiss as moot, this Court merely concluded that the factual allegations in the amended complaint were *intended* to cure the defects identified in the amended motion to dismiss. This Court did not conclude that the amended complaint *corrected* the identified defects or that it otherwise stated a claim. It follows, therefore, that the defendants' instant motion to dismiss is not a motion for reconsideration.

Because Benford advanced no other argument in opposing the motion to dismiss, the Court could deem any arguments on the merits of her claims waived. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (failure to defend claim in response to motion to dismiss "constituted abandonment"). Nevertheless, in the interest of resolving this case on the merits, this Court will provide Benford an opportunity to file a supplemental response to the motion to dismiss. Any supplemental response must be filed within fourteen days of this order. The defendants may reply to the supplemental response, should one be filed, within seven (7) days of the supplemental response's filing.

**SO ORDERED**, this 22nd day of December, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

4